UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAM IV, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL P. D'ONFRO d/b/a DAN D'ONFRO'S WORLD CLASS KENPO KARATE ACADEMY, <br><br> Defendant. | CIVIL ACTION NO.: _____ |

## COMPLAINT

1.  Plaintiff Kam IV, Inc. ("Kam IV") owns various trademarks and copyrights associated with Edmund Kealoha "Ed" Parker, Sr., the founder of American Kenpo Karate. Defendant Daniel P. D'Onfro d/b/a Dan D'Onfro's World Class Kenpo Karate Academy ("D'Onfro"), in the operation of his martial arts school, is willfully infringing on this intellectual property and making unauthorized use of Ed Parker, Sr.'s name and pictures of him. Kam IV brings this action to stop D'Onfro's free-riding on Ed Parker Sr.'s legacy and to recover money damages resulting from D'Onfro's misconduct.

## THE PARTIES

2.  Kam IV is a California corporation with its principal place of business in Pasadena, California.

3.  D'Onfro is an individual with a residence in Westport, Massachusetts and a place of business at 360 Faunce Corner Road in North Dartmouth, Massachusetts.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark and copyright infringement), and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over D'Onfro because he is a resident of Massachusetts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

**FACTUAL BACKGROUND**

**Kam IV's Intellectual Property**

7. Ed Parker, Sr., who lived from 1931 to 1990, adapted the art of Kenpo Karate to make it more easily applicable to the streets of America and called his style American Kenpo Karate.

8. Kam IV IP owns all of the intellectual property associated with Ed Parker, Sr. Kam IV is operated by one of Mr. Parker's daughters and is dedicated to preserving the legacy of Ed Parker, Sr., including the integrity and substantial value of the intellectual property associated with him.

9. Kam IV's intellectual property consists of trademarks registered with the United States Patent and Trademark Office (the "Registered Trademarks"), unregistered trademarks (the "Unregistered Trademarks"); original works that have been registered with the United States Copyright Office (the "Copyrighted Works"); and the exclusive rights to the name and pictures of Ed Parker, Sr. Collectively, this intellectual property is referred to as the "Kam IV IP."

10. The Registered Trademarks are identified in <u>Exhibit A</u>. Among the Registered Trademarks are the name Ed Parker, Sr. (including his signature), the International Kenpo Karate Association crest, a flame logo, and the names "International Karate Championships" and "International Kenpo Karate Association."

11. The Unregistered Trademarks are identified in <u>Exhibit B</u>. Among the Unregistered Trademarks are a "universal patch" logo, and the names IKC and IKKA.

12. The Copyrighted Works are identified in <u>Exhibit C</u>. Among the Copyrighted Works are instructional manuals, books, and motion pictures.

### D'Onfro's Infringing Activity

13. D'Onfro is using some or all of the Kam IV IP, or adaptations thereof, in his martial arts business, without any authorization from Kam IV. Photographs evidencing some of D'Onfro's infringing activity are attached as <u>Exhibit D</u>.

### Kam IV's Cease and Desist Letter and D'Onfro's Continued Infringement

14. On September 2, 2016, Kam IV sent a letter to D'Onfro, specifying D'Onfro's infringing conduct, and demanding that he cease and desist from infringing on the Kam IV IP. D'Onfro has not responded to the cease and desist letter and continues to use the Kam IV IP without authorization.

### COUNT ONE - INFRINGEMENT OF REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

15. Kam IV repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

16. Kam IV owns federal registrations in the Registered Trademarks.

17. D'Onfro has used and is continuing to use, in commerce, marks that are identical to the Registered Trademarks or that are confusingly similar adaptations of them.

18. D'Onfro's use of the Registered Trademarks, or adaptations of them, is without Kam IV's authorization.

19. D'Onfro's use of the Registered Trademarks, or adaptations of them, is likely to cause confusion, mistake, and deception among consumers, and other people whose behavior affects Kam IV's business interests.  More specifically, as a result of this conduct, people are likely to believe (incorrectly) that D'Onfro and his services are sponsored, approved, or licensed by Kam IV or Ed Parker, Sr., which they are not.

20. D'Onfro is therefore liable to Kam IV for trademark infringement under 15 U.S.C. § 1114.

21. D'Onfro's infringement is willful.

22. Kam IV has been damaged by D'Onfro's conduct in an amount to be determined at trial.

23. Unless stopped by an injunction, D'Onfro's behavior will continue and will cause Kam IV irreparable harm for which there is no adequate remedy at law.

### COUNT TWO - FEDERAL UNFAIR COMPETITION
### (INFRINGEMENT OF UNREGISTERED TRADEMARKS)
### (15 U.S.C. § 1125(a)(1)(A))

24. Kam IV repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

25. Kam IV owns the Unregistered Trademarks.

26. D'Onfro has used and is continuing to use, in commerce, marks that are identical to the Unregistered Trademarks or that are confusingly similar adaptations of them.

27. D'Onfro's use of the Unregistered Trademarks, or adaptations of them, is without Kam IV's authorization.

28. D'Onfro's use of the Unregistered Trademarks, or adaptations of them, is likely to cause confusion, mistake, and deception among consumers, and other people whose behavior affects Kam IV's business interests.  More specifically, as a result of this conduct, people are likely to believe (incorrectly) that D'Onfro and his services are sponsored, approved, or licensed by Kam IV or Ed Parker, Sr., which they are not.

29. D'Onfro is therefore liable to Kam IV for unfair competition under 15 U.S.C. § 1125(a)(1)(A).

30. D'Onfro's unfair competition is willful.

31. Kam IV has been damaged by D'Onfro's conduct in an amount to be determined at trial.

32. Unless stopped by an injunction, D'Onfro's behavior will continue and will cause Kam IV irreparable harm for which there is no adequate remedy at law.

## COUNT THREE - COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

33. Kam IV repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

34. Kam IV owns the Copyrighted Works.

35. Kam IV's Copyrighted Works constitute original works and copyrightable subject matter pursuant to the United States Copyright Act, and have been duly registered with the United Stated Copyright Office.

36. As the owner of the Copyrighted Works, Kam IV has the exclusive right to, among other things, make copies of the materials, sell or otherwise distribute copies of the materials, and create adaptations of the materials (called derivative works), i.e., Kam IV has the

exclusive right to prepare new works based on the copyrighted works.  As the owner, Kam IV may license any of these rights.

37. Kam IV has not licensed any of the Copyrighted Works to D'Onfro, nor has it otherwise authorized D'Onfro to use any of the Copyrighted Works.

38. Yet D'Onfro has used and is continuing to use some or all of the Copyrighted Works, or derivatives of them, it his martial arts business.  This misconduct constitutes copyright infringement in violation of the United States Copyright Act.

39. D'Onfo's copyright infringement is willful.

40. Kam IV has been damaged by D'Onfro's conduct in an amount to be determined at trial.

41. Unless stopped by an injunction, D'Onfro's behavior will continue and will cause Kam IV irreparable harm for which there is no adequate remedy at law.

### COUNT FOUR - UNAUTHORIZED USE OF NAME AND PICTURES
### (Mass. Gen. Laws ch. 214, § 3A)

42. Kam IV repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

43. Kam IV owns the exclusive rights to Ed Parker, Sr.'s name and pictures of him.

44. D'Onfro has used and is continuing to use, the name and pictures of Ed Parker, Sr. for purposes of D'Onfro's business, without the consent of Kam IV.

45. D'Onfro's use of the name and pictures of Ed Parker violate Mass. Gen. Laws ch. 214, § 3A.

46. Kam IV has been damaged by D'Onfro's conduct in an amount to be determined at trial.

47. Unless stopped by an injunction, D'Onfro's behavior will continue and will cause Kam IV irreparable harm for which there is no adequate remedy at law.

## COUNT FIVE - UNFAIR AND DECEPTIVE CONDUCT
## (G.L. c. 93A)

48. Kam IV repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

49. At all relevant times, Kam IV and D'Onfro were engaged in trade or commerce within the meaning of G.L. c. 93A, §§ 2 and 11.

50. By engaging in the above-referenced infringing activity, with knowledge of his misconduct, D'Onfro is engaging in unfair and deceptive conduct, in violation of G.L. c. 93A, § 2.

51. D'Onfro is committing this unfair and deceptive conduct willfully and knowingly.

52. As a result of D'Onfro's unfair and deceptive conduct, Kam IV has suffered a loss of money or property in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Kam IV prays that this Court enter judgment as follows:

A. Enjoin D'Onfro, his agents, servants, employees and all persons acting for or on his behalf or in concert with him from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using the Registered Trademarks or any marks confusingly similar thereto.

B. Enjoin D'Onfro, his agents, servants, employees and all persons acting for or on his behalf or in concert with him from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using the Unregistered Trademarks or any marks confusingly similar thereto.

C.     Enjoin D'Onfro, his agents, servants, employees and all persons acting for or on his behalf or in concert with him from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using the Copyrighted Works or any derivatives thereof.

D.     Enjoin D'Onfro, his agents, servants, employees and all persons acting for or on his behalf or in concert with him from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using Ed Parker, Sr.'s name or pictures of him.

E.     Order D'Onfro to deliver up to Kam IV all of the Registered Trademarks, Unregistered Trademarks, Copyrighted Works, and pictures of Ed Parker, Sr. in D'Onfro's possession, custody, or control.

F.     Under Counts I, II, and III, award Kam IV (a) the damages it has suffered as a result of D'Onfro's infringing conduct together with D'Onfro's profits attributable to the infringement or, (b) at Kam IV's election, statutory damages.

G.     Under Counts I and II, award Kam IV three times the actual damages it has suffered as a result of D'Onfro's infringing conduct, and the attorney's fees it incurs in connection with this action.

H.     Under Count III, award Kam IV the attorney's fees it incurs in connection with this action.

I.     Under Counts IV and V, award Kam IV three times the actual damages it has suffered as a result of D'Onfro's unlawful conduct.

J.     Under Count V, award Kam IV the attorney's fees it incurs in connection with this action.

K.        Award Kam IV the costs and expenses it incurs in connection with this action;

L.        Award Kam IV interest at the statutory rate; and

M.       Award Kam IV such other relief as may be deemed just and equitable.

### JURY DEMAND

Kam IV demands a trial by jury on all matters and issues triable by a jury.

Respectfully submitted,

KAM IV, INC.

By its attorneys,

/s/ Frank N. Gaeta
Frank N. Gaeta (BBO #561388)
RICH MAY, P.C.
176 Federal Street
Boston, MA  02110
(617) 556-3800
fgaeta@richmaylaw.com

Dated: October 18, 2016