**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KAM IV, INC.,

        Plaintiff,

   v.

DANIEL P. D'ONFRO d/b/a DAN
D'ONFRO'S WORLD CLASS KENPO
KARATE ACADEMY,

        Defendant.

Civil Action No. 1:16-cv-12079-ADB

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND FACTUAL BACKGROUND ................................................................ 1

LEGAL STANDARD............................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

   I.   KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR
      INFRINGEMENT OF REGISTERED TRADEMARKS (COUNT ONE) OR FOR
      INFRINGEMENT OF UNREGISTERED TRADEMARKS (COUNT TWO)................... 4

   II.  KAM IV DOES NOT HAVE STANDING TO ASSERT A PLAUSIBLE CLAIM FOR
      INFRINGEMENT OF UNREGISTERED TRADEMARKS (COUNT TWO)................... 6

   III. KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR COPYRIGHT
      INFRINGEMENT (COUNT THREE)................................................................................ 8

   IV. KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR VIOLATION
      OF G.L. c. 214, § 3A (COUNT FOUR)........................................................................... 11

      A.  KAM IV HAS FAILED TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF  UNDER
          SECTION 3A.............................................................................................................. 11

      B.  KAM IV HAS NO STANDING TO ASSERT A CLAIM UNDER SECTION 3A ..... 13

   V.  KAM IV HAS NOT PLED A PLAUSIBLE CLAIM FOR RELIEF FOR VIOLATION OF
      G.L. c. 93A, §§ 2, 11 (COUNT FIVE)............................................................................ 14

      A.  D'ONFRO AND KAM IV HAVE NOT ENGAGED IN ANY BUSINESS
          TRANSACTION, AS IS REQUIRED BY STATUTE .................................................. 14

      B.  KAM IV'S DERIVATIVE CHAPER 93A CLAIM MUST BE DISMISSED............. 16

      IF THE UNDERLYING CLAIMS ARE DISMISSED ...................................................... 16

CONCLUSION........................................................................................................................ 17

# TABLE OF AUTHORITIES

## Cases

*Ahmed v. Hosting.com*, 28 F. Supp. 3d 82 (D. Mass. 2014) ........................................................ 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 3, 8

*Bay State Sav. Bank v. Baystate Fin. Servs., LLC*, 484 F. Supp. 2d 205 (D. Mass. 2007) ............. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 3, 8

*Calamari Fisheries, Inc. v. The Vill. Catch, Inc.*, 698 F. Supp. 994 (D. Mass. 1988) ................... 5

*Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82 (1st Cir. 2015) ......................................... 3

*Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892 (D. Mass. 1991) ................................................ 16

*Copy Cop, Inc. v. Task Printing, Inc.*, 908 F. Supp. 37 (D. Mass. 1995) ...................................... 5

*FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93 (1st Cir. 2009) ............................................. 17

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340 (1991) ........................................... 9

*Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357 (D. Mass. 2010) .......... 9, 10

*Franquicias Nativas, Inc. v. Cleridel Corp.*, No. 11-cv-1934, 2012 WL 1575723 (D.P.R. May 3, 2012) ......................................................................................................................................... 6

*Froyoworld Licensing, LLC v. Lin*, No. 13-40121-TSH, 2014 WL 1347218 (D. Mass. Apr. 2, 2014) ......................................................................................................................................... 5

*Garcia-Catalán v. United States*, 734 F.3d 100 (1st Cir. 2013) .................................................... 4

*Goldberg v. Bell Atl.*, No. 99-cv-2889, 2000 WL 1459834 (S.D.N.Y. Sept. 29, 2000) ................. 4

*Hassett v. Hasselbeck*, 177 F. Supp. 3d 626 (D. Mass. 2016) .................................................... 11

*Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12 (1st Cir. 2016) .......................................... 12

*Jodoin v. Baystate Health Sys., Inc.*, No. 08-40037-TSH, 2010 WL 1257985 (D. Mass. Mar. 29, 2010) .................................................................................................................................. 12, 13

*John Boyd Co. v. Boston Gas Co.,* 775 F. Supp. 435 (D. Mass. 1991) ....................................... 16

*Johnson v. Gordon,* 409 F.3d 12 (1st Cir. 2005) ..................................................................... 9, 10

*Kenney v. Warner Bros. Entm't Inc.*, 984 F. Supp. 2d 9 (D. Mass. 2013) ............................... 9, 10

*L.B. Corp. v. Schweitzer-Mauduit Int'l, Inc.*, 121 F. Supp. 2d 147 (D. Mass. 2000) .................. 15

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) ...................... 7, 8

*Lyons v. Gillette*, 882 F. Supp. 2d 217 (D. Mass. 2012) ......................................................... 9, 10

*Manning v. Zuckerman*, 388 Mass. 8 (1983) ............................................................................. 15

*Nat'l Nonwovens, Inc. v. Consumer Prod. Enters., Inc.*, 397 F. Supp. 2d 245 (D. Mass. 2005).. 16

*Nin v. Seterus, Inc.*, No. 15-cv-10237-ADB, 2016 WL 1047348 (D. Mass. Mar. 16, 2016) ....... 15

*Peckham v. New England Newspapers, Inc.*, 865 F. Supp. 2d 127 (D. Mass. 2012) .................. 12

*Pereyra v. Sedky*, 148 F. Supp. 3d 134 (D. Mass. 2015) ........................................... 3, 4

*Pump, Inc. v. Collins Mgmt., Inc.*, 746 F. Supp. 1159 (D. Mass. 1990)................................ 13, 14

*Rogatkin ex rel. Rogatkin v. Raleigh Am., Inc.*, 69 F. Supp. 3d 294 (D. Mass. 2014).................. 12

*Ruggers, Inc. v. United States*, 736 F. Supp. 2d 336 (D. Mass. 2010) ........................................ 14

*Scholz v. Goudreau*, 132 F. Supp. 3d 239 (D. Mass. 2015)........................................................ 7

*Smartling, Inc. v. Easyling LLC*, No. 1:14-cv-13106-ADB, 2016 WL 913142 (D. Mass. Mar. 9, 2016)................................................................................................... 3, 4, 15

*Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty.*, No. 09-1988 LJO SMS, 2010 WL 843131 (E.D. Cal. Mar. 10, 2010) .............................................. 5

*Thompson Tank & Mfg. Co. v. Thompson*, 693 F.2d 991 (9th Cir. 1982) ...................................... 5

*Thrifty Rent-A-Car Sys., Inc. v. Thrift Cars, Inc.*, 639 F. Supp. 750 (D. Mass. 1986), *aff'd,* 831 F.2d 1177 (1st Cir. 1987) ...................................................................................... 4

*Tropeano v. The Atlantic Monthly Co.,* 379 Mass. 745 (1980) ............................................. 12, 13

*Trustees of Boston Univ. v. ASM Commc'ns, Inc.*, 33 F. Supp. 2d 66 (D. Mass. 1998).............. 15

*United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377 (1st Cir. 2011).............. 4

*Unleashed Doggie Day Care, LLC v. Petco Animal Supplies Stores, Inc.*, No. 10-10742-DJC, 2011 WL 6812642 (D. Mass. Dec. 28, 2011) ....................................................................... 17

*Wood v. Apodaca*, 375 F. Supp. 2d 942 (N.D. Cal. 2005)........................................................ 6

**Statutes**

15 U.S.C. § 1114.................................................................................................................. 4

15 U.S.C. § 1125............................................................................................................... 4, 7

15 U.S.C. § 1127.................................................................................................................. 4

15 U.S.C. §§ 1501, *et seq*.................................................................................................. 2

17 U.S.C. § 501.................................................................................................................... 8

17 U.S.C. §§ 101 *et seq*..................................................................................................... 2

G.L. c. 214, § 3 ...................................................................................................... 11, 12, 13, 14

G.L. c. 93A, § 11.................................................................................................... 14, 15, 17

G.L. c. 93A, § 2..................................................................................................... 14, 15, 17

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Daniel P. D'Onfro *d/b/a* Dan D'Onfro's World Class Kenpo Karate Academy ("D'Onfro") respectfully submits this Memorandum of Law in Support of D'Onfro's Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. *See* D. 15 (Amended Complaint). Plaintiff Kam IV, Inc.'s ("Kam IV") bare bones Amended Complaint, which sounds generally in federal trademark and copyright law, contains only vague factual and conclusory legal allegations and, therefore, fails to state a plausible claim for the relief requested therein. D'Onfro therefore respectfully requests that Plaintiff's Amended Complaint be dismissed.

## INTRODUCTION AND FACTUAL BACKGROUND

The present lawsuit was brought by Kam IV, a California corporation based in Pasadena, California, against D'Onfro, a Massachusetts individual who has run a small, local martial arts studio in North Dartmouth, Massachusetts, since 1998. *See* D. 15 at ¶¶ 1-3. The Amended Complaint does not specify the type of business in which Kam IV is engaged; however, it appears from the allegations therein that Kam IV operates as an intellectual property holding company which at some point in time acquired "all of the intellectual property associated with" the late Mr. Edmund Kealoha "Ed" Parker, Sr. ("Mr. Parker"), who during his lifetime "adapted the art of Kenpo Karate to make it more easily adaptable to the streets of America," which he termed American Kenpo Karate. *See id.* at ¶¶ 1, 7-8.[1] It is this style of martial arts that D'Onfro has taught at his local martial arts studio for the past 20 years. Mr. Parker passed away in 1990 and, in or around 2006, Kam IV was founded by one of Mr. Parker's daughters to license and

---

[1] It is unclear from the allegations in the Amended Complaint how Kam IV acquired "all" of the intellectual property that was at all "associated with" Mr. Parker.

monetize the "substantial value of the intellectual property" associated with Mr. Parker.  *Id*. at ¶¶ 7-8, 14.

In the Amended Complaint, Kam IV claims that D'Onfro has violated the Lanham Act, 15 U.S.C. §§ 1501, *et seq.*, the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and Massachusetts state statutes through the use in D'Onfro's martial arts studio of "certain of" the intellectual property owned by Kam IV.  To this end, the Amended Complaint attaches as Exhibit A through Exhibit C a list of all intellectual property allegedly owned by Kam IV, consisting of:

- 8 trademarks that have been registered with the United States Patent and Trademark Office (the "Registered Trademarks");

- 159 unregistered trademarks (the "Unregistered Trademarks"), which range from acronyms and symbols to karate moves and techniques; and
- 30 works that have been registered with the United States Copyright Office (the "Copyrighted Works"), which include "belt journals," an encyclopedia, books on "mental stimulation," a "women's guide to self-defense," and even a biographical work on Elvis Presley.

*See* D. 15-1 (Exhibit A: Registered Trademarks); D. 15-2 (Exhibit B: Unregistered Trademarks); D. 15-3 (Exhibit C: Copyrighted Works).

Of note, Exhibit A through Exhibit C merely catalogue *all* intellectual property allegedly owned by Kam IV; they are not a list of the intellectual property that Kam IV actually claims is being infringed upon by D'Onfro.  The Amended Complaint is instead purposefully vague as to which of the *197* pieces of intellectual property Kam IV believes D'Onfro has infringed.  Indeed, Kam IV alleges only that "certain of" its intellectual property has been used by D'Onfro, and identifies only one Unregistered Trademark and three Registered Trademarks by name.  *See* D. 15 at ¶¶ 15-17.[2]  Kam IV further alleges only that D'Onfro has used unspecified "names of various karate techniques or moves" and unidentified "various belt journals," and "may" be

---

[2]  Specifically identified are "the name Ed Parker, the International Karate Association crest, and the flame logo" (Registered Trademarks) along with the "universal patch logo" (Unregistered Trademark).  *Id*. at ¶¶ 16-17.

using "some or all" of the other 193 pieces of intellectual property. *Id*. at ¶¶ 16-18. Nowhere in the Amended Complaint does Kam IV provide any additional allegations of use of the 193 pieces of intellectual property by D'Onfro.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). The purpose of this requirement is "to give the defendant 'fair notice' of the claim and the grounds upon which it rests." *Smartling, Inc. v. Easyling LLC*, No. 1:14-cv-13106-ADB, 2016 WL 913142, at *2 (D. Mass. Mar. 9, 2016) (Burroughs, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard requires "more than labels and conclusions," *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Twombly*, 550 U.S. at 570).

Upon a motion to dismiss the complaint pursuant to Rule 12(b)(6), "the Court 'first must distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Pereyra v. Sedky*, 148 F. Supp. 3d 134, 141 (D. Mass. 2015) (Burroughs, J.) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)).[3] "'Second, the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pereyra*, 148 F. Supp. 3d at 141 (quoting *Garcia-Catalán v. United States*, 734 F.3d

---

[3] Indeed, "courts are not bound to accept as true legal conclusions couched as factual allegations." *Smartling*, 2016 WL 913142, at *2 (*citing Iqbal*, 556 U.S. at 678).

100, 103 (1st Cir. 2013)).  In this analysis, the Court must only accept *well-pleaded* facts as true. *Pereyra*, 148 F. Supp. 3d at 141.

Accordingly, "[d]ismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Smartling*, 2016 WL 913142, at *2 (citation omitted); *see also United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 384 (1st Cir. 2011).

## ARGUMENT

### I.    KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR INFRINGEMENT OF REGISTERED TRADEMARKS (COUNT ONE) OR FOR INFRINGEMENT OF UNREGISTERED TRADEMARKS (COUNT TWO)

Kam IV has brought two claims against D'Onfro under the Lanham Act, for infringement of federally-registered trademarks pursuant to 15 U.S.C. § 1114 (Count One) and for infringement of unregistered trademarks pursuant to 15 U.S.C. § 1125(a)(1)(A) (Count Two). *See* D. 15 at ¶¶ 21-38.  Both such claims should be dismissed because Kam IV has failed to allege that D'Onfro's alleged use of the Registered Trademarks or Unregistered Trademarks is in or affects *interstate* commerce, as is required for claims asserted under the Lanham Act.

The Lanham Act is applicable only to activities which take place in or affect interstate commerce.  *See* 15 U.S.C. § 1127; *Thrifty Rent-A-Car Sys., Inc. v. Thrift Cars, Inc.*, 639 F. Supp. 750, 754 (D. Mass. 1986), *aff'd,* 831 F.2d 1177 (1st Cir. 1987) ("In passing the Lanham Act, Congress intended to provide uniform, comprehensive federal law to govern questions of trademarks used in and affecting interstate commerce."); *Goldberg v. Bell Atl.*, No. 99-cv-2889, 2000 WL 1459834, at *4 (S.D.N.Y. Sept. 29, 2000) ("The Lanham Act applies only to advertising or commercial statements in or connected to interstate commerce.").  Accordingly,

this District has held that "[t]o make out a claim of trademark infringement, [plaintiff] must show: '(1) the ownership of a registered mark entitled to trademark protection; (2) the use of that [mark] in *interstate commerce*; and (3) its use by another in a manner likely to cause confusion or mistake when compared with the plaintiff's registered mark.'" *Froyoworld Licensing, LLC v. Lin*, No. 13-40121-TSH, 2014 WL 1347218, at *1 (D. Mass. Apr. 2, 2014) (emphasis added) (quoting *Copy Cop, Inc. v. Task Printing, Inc.*, 908 F. Supp. 37, 43 (D. Mass. 1995)); *see also Bay State Sav. Bank v. Baystate Fin. Servs., LLC*, 484 F. Supp. 2d 205, 212 (D. Mass. 2007) (requiring "use of that mark in interstate commerce"); *Calamari Fisheries, Inc. v. The Vill. Catch, Inc.*, 698 F. Supp. 994, 1006 (D. Mass. 1988) (same).[4]

Here, Kam IV has failed to allege any facts that plausibly establish that D'Onfro used either the Registered Trademarks or the Unregistered Trademarks in interstate commerce. Instead, Kam IV acknowledges that D'Onfro operates a local martial arts studio in Massachusetts and, as set forth below, alleges only that D'Onfro has used the Registered Trademarks and Unregistered Trademarks "in his business" and "in commerce":

- D'Onfro "is using certain of the Kam IV IP in his martial arts business" (D. 15 at ¶ 15);

- "D'Onfro has used and is using in his business" certain of the Registered Trademarks (D. 15 at ¶ 16);

- "D'Onfro is using in his business" certain of the Unregistered Trademarks (D. 15 at ¶ 17);

- "D'Onfro has used and is continuing to use, in commerce, marks that are identical to the Registered Trademarks or that are confusingly similar adaptations of them" (D. 15 at ¶ 23);

---

[4] To succeed under the "activity that affects interstate commerce" theory, a plaintiff must allege that "the alleged infringement affected interstate commerce," specify "how the defendant's conduct 'affects' interstate commerce in which the plaintiff was engaged," and "state facts that upon which it is plausible that defendant's conduct infringed upon plaintiff's interstate commerce." *Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty.*, No. 09-1988 LJO SMS, 2010 WL 843131, at *5 (E.D. Cal. Mar. 10, 2010) (relying on *Thompson Tank & Mfg. Co. v. Thompson*, 693 F.2d 991, 992-93 (9th Cir. 1982)).

- "D'Onfro has used and is continuing to use, in commerce, marks that are identical to the Unregistered Trademarks or that are confusingly similar adaptations of them" (D. 15 at ¶ 32).

Thus, Kam IV has alleged no facts whatsoever that would plausibly establish that D'Onfro's alleged use of the Registered Trademarks or Unregistered Trademarks is in or affects interstate commerce. Indeed, the few allegations that Kam IV does provide regarding D'Onfro's alleged use conspicuously state that such use was merely "in commerce."

Kam IV's failure to allege sufficient factual matter to plausibly establish that D'Onfro's alleged use of the Registered Trademark and Unregistered Trademarks warrants dismissal of its Lanham Act Claims. *See, e.g.*, *Franquicias Nativas, Inc. v. Cleridel Corp.*, No. 11-cv-1934, 2012 WL 1575723, at *2 (D.P.R. May 3, 2012) ("Because the Lanham Act applies only to marks used 'in commerce,' courts have required a plaintiff to allege use in interstate commerce in order to make out a trademark infringement claim under that Act. Therefore, plaintiffs' failure to mention interstate commerce in their complaint could preclude original jurisdiction under the Lanham Act.") (citations omitted); *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947 (N.D. Cal. 2005) (granting motion to dismiss where "Plaintiff does not allege in her Complaint that Defendants used the [asserted] mark in interstate commerce").

For the above-stated reasons, Kam IV's claims under the Lanham Act for infringement of federally-registered trademarks (Count One) and for infringement of unregistered trademarks (Count Two) should be dismissed.

## II. KAM IV DOES NOT HAVE STANDING TO ASSERT A PLAUSIBLE CLAIM FOR INFRINGEMENT OF UNREGISTERED TRADEMARKS (COUNT TWO)

Kam IV's cause of action for unfair competition by way of infringement of unregistered trademarks (Count Two) is separately subject to dismissal because Kam IV has failed to plead

sufficient facts to plausibly establish that Kam IV has standing to assert a claim under 15 U.S.C. § 1125(a) ("Section 43(a)").

As noted by this District, the United States Supreme Court has recently altered the framework for analyzing standing under Section 43(a). *See Ahmed v. Hosting.com*, 28 F. Supp. 3d 82, 90-91 (D. Mass. 2014); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). "In *Lexmark*, the Court held that 'a direct application of the zone-of-interests test and the proximate-cause requirement supplies the relevant limits on who may sue' for unfair competition under Section 43(a) of the Lanham Act." *Scholz v. Goudreau*, 132 F. Supp. 3d 239, 254 (D. Mass. 2015) (quoting *Lexmark*, 134 S. Ct. at 1391). To this end, "a plaintiff can only have standing under section 1125(a) if their 'injuries are proximately caused by violations of the statute.'" *Ahmed*, 28 F. Supp. 3d at 91 (quoting *Lexmark*, 134 S. Ct. at 1391). Thus, "a plaintiff must *plead* (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark*, 134 S. Ct. at 1391 (emphasis added).

Here, Kam IV has failed to allege any facts which could plausibly establish that Kam IV has suffered any injury to commercial interest or reputation that was proximately caused by D'Onfro's conduct. Indeed, Kam IV's only allegation as to injury is a threadbare recital of the elements for a cause of action under Section 43(a): "D'Onfro's use of the Unregistered Trademarks, or adaptations of them, is likely confusion, mistake, and deception among consumers" and "people are likely to believe (incorrectly) that D'Onfro and his services are sponsored, approved, or licensed by Kam IV or Ed Parker, Sr., which they are not." D. 15 at ¶ 34.

This District has dismissed similar claims for such lack of standing. In *Ahmed v. Hosting.com*, Judge Young granted the defendant's motion to dismiss plaintiff's claim for infringement of unregistered trademarks brought under Section 43(a) of the Lanham Act due to a lack of standing under *Lexmark*:

> [Plaintiff] claims that [Defendant]'s alleged infringement has caused "irreparable loss and damages to his business and goodwill gained thereby," but he fails to assert specific facts that establish any causal link between [Defendant]'s use of the mark and the alleged injury. [Plaintiff] does not provide information as to the type of business in which he is engaged, the products and services he offers, and how such business, products, and services are adversely affected by defendants' use of the trademark. … As under the First Circuit analysis, [Plaintiff] asserts the legal conclusion of injury, but states no facts establishing either a commercial interest in the mark or a commercial injury caused by the alleged infringement. … Without pleading facts that assert his claims fall within the zone of interest and demonstrate proximate causation, [Plaintiff]'s claims fail to establish standing under the *Lexmark* test.

28 F. Supp. 3d at 89, 91 (citations omitted). Kam IV's Amended Complaint suffers from the same factual deficiency. Kam IV has failed to assert any causal link between D'Onfro alleged use of the Unregistered Trademarks and any injury suffered by Kam IV. Rather, Kam IV's allegations as to injury rely solely on conclusory statements and a recital of the necessary elements of a Section 43(a) cause of action – none of which are sufficient to establish a plausible claim for relief. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Thus, Kam IV's claim under the Lanham Act for infringement of unregistered trademarks (Count Two) should be dismissed.

## III.  KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT (COUNT THREE)

Kam IV has also brought a claim for federal copyright infringement against D'Onfro pursuant to 17 U.S.C. § 501. *See* D. 15 at ¶¶ 39-47 (Count Three). Specifically, Kam IV alleges vaguely that D'Onfro "has copied and distributed to his students, and is still copying and distributing to his students, original constituent elements of *some or all* of the Copyrighted

Works, or derivatives of them." *Id*. at ¶ 44 (emphasis added). This claim should also be dismissed, as Kam IV has failed to even identify which of the 30 Copyrighted Works were copied or distributed by D'Onfro, let alone allege the required "probative" or "substantial" similarity between any Copyrighted Work and a copy made by D'Onfro.

It is well-established that "[t]o sustain a copyright infringement action, the plaintiff must allege: 1) ownership of a valid copyright, and 2) that the defendant copied constituent elements of the work that are original." *Lyons v. Gillette*, 882 F. Supp. 2d 217, 229 (D. Mass. 2012) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991)). Regarding the second prong of this analysis, the "plaintiff must show:  1) 'that copying actually occurred,' and 2) 'that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar.'  *Lyons*, 882 F. Supp. 2d at 230-31 (quoting *Johnson v. Gordon,* 409 F.3d 12, 18 (1st Cir. 2005)). Where, as here, the plaintiff "does 'not offer[ ] any direct evidence of actual copying, her factual allegations must plausibly allege both access and probative similarity.'" *Lyons*, 882 F. Supp. 2d at 231 (quoting *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 365 (D. Mass. 2010)). "Access is often proved through circumstantial evidence in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work or (2) the plaintiff's work has been widely disseminated." *Kenney v. Warner Bros. Entm't Inc.*, 984 F. Supp. 2d 9, 13 (D. Mass. 2013) (citations omitted). Probative similarity can be demonstrated where the "constituent elements of the work[s] that are original … are so similar that the court may infer that there was factual copying." *Feldman*, 723 F. Supp. 2d at 366 (internal quotations and citations omitted); *see also Johnson*, 409 F.3d at 18.

Here, because the Amended Complaint does not provide any direct evidence of actual copying, Kam IV was required to plead sufficient facts to plausibly establish that D'Onfro had access to the Copyrighted Works, that there is a probative similarity between the Copyrighted Works and the copies made by D'Onfro, and that D'Onfro's copying was so extensive that it rendered the Copyrighted Works and D'Onfro's copies substantially similar. *See Lyons*, 882 F. Supp. 2d at 230-31. Kam IV has completely failed to meet this pleading standard. Kam IV does not even specify which of the 30 Copyrighted Works listed in Exhibit C of the Amended Complaint are those that Kam IV claims is being infringed upon by D'Onfro; instead, Kam IV vaguely alleges only that "various belt journals" and "some or all" of the Copyrighted Works have been copied by  D'Onfro. *See* D. 15 at ¶¶ 18, 44. Likewise, Kam IV has failed to plead any facts establishing that D'Onfro had access to the Copyrighted Works and has failed to describe any alleged copy made by D'Onfro against which "probative similarity," "substantial similarity," or extensiveness can be measured. *See Lyons*, 882 F. Supp. 2d at 230-31; *Feldman*, 723 F. Supp. 2d at 366; *Johnson*, 409 F.3d at 18.

This District has routinely dismissed claims of copyright infringement where a plaintiff's factual assertions regarding access, probative and substantial similarity, or extensiveness of the copying have not been plausibly alleged. *See, e.g.*, *Kenney*, 984 F. Supp. 2d at 13 (granting motion to dismiss because "[plaintiff]'s failure to plausibly allege that [defendant] had a reasonable opportunity to access his work is fatal to his Amended Complaint" and because plaintiff "failed to satisfy his second-prong burden of demonstrating substantial similarity (or probative similarity) between his original work and any work produced by [defendant]"); *Feldman*, 723 F. Supp. 2d at 366 (granting motion to dismiss because plaintiff "failed to allege facts sufficient to demonstrate a reasonable opportunity of access to her [copyrighted work], and

therefore cannot prove actual copying," which "end[s] the infringement inquiry"); *Hassett v. Hasselbeck*, 177 F. Supp. 3d 626, 631 n.2 (D. Mass. 2016) (granting motion to dismiss and holding that plaintiff's vague allegations that defendant "copied her 'text'" were a "deficiency [which] itself would justify a dismissal for failure to state a claim upon which relief can be granted"). Here, Kam IV has not pleaded *any* facts supporting access, probative and substantial similarity, or extensiveness, let alone *plausible* factual allegations. Thus, Kam IV's facially-deficient claim for copyright infringement (Count Three) should be dismissed.

## IV.    KAM IV HAS NOT PLEAD A PLAUSIBLE CLAIM FOR RELIEF FOR VIOLATION OF G.L. c. 214, § 3A (COUNT FOUR)

Kam IV has also alleged that D'Onfro violated G.L. c. 214, § 3A ("Section 3A"), by way of D'Onfro's use of the "name and pictures of Ed Parker, Sr. for purposes of D'Onfro's business, without the consent of Kam IV." *See* D. 15 at ¶¶ 19, 48-53 (Count Four). This claim should also be dismissed, as Kam IV has not alleged that Mr. Parker's name and pictures were used by D'Onfro to deliberately exploit their value for advertising or trade purposes. Moreover, Kam IV does not have standing to bring a cause of action under this statute for the alleged use of *Mr. Parker's* name and pictures. As a result, Count IV must also be dismissed.

### A.    KAM IV HAS FAILED TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF UNDER SECTION 3A

Section 3A provides a private cause of action for any person whose name, portrait, or image is used for advertising or trade purposes without that person's consent:

> Any person whose name, portrait or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent may bring a civil action in the superior court against the person so using his name, portrait or picture, to prevent and restrain the use thereof; and may recover damages for any injuries sustained by reason of such use.

G.L. c. 214, § 3A.  In other words, Section 3A "confer[s] [a] private right[] of action upon individuals whose images are used for commercial purposes without their consent."  *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 26 (1st Cir. 2016); *see also Rogatkin ex rel. Rogatkin v. Raleigh Am., Inc.*, 69 F. Supp. 3d 294, 299 (D. Mass. 2014).

      The Massachusetts Supreme Judicial Court has clarified that "the interest which is protected by [Section 3A] is the interest in not having the commercial value of one's name, portrait or picture appropriated to the benefit of another."  *Tropeano v. The Atlantic Monthly Co.,* 379 Mass. 745, 749 (1980).  "[T]he crucial distinction under [Section 3A] must be between situations in which the defendant makes an incidental use of the plaintiff's name, portrait or picture and those in which the defendant uses the plaintiff's name, portrait or picture deliberately to exploit its value for advertising or trade purposes."  *Peckham v. New England Newspapers, Inc.*, 865 F. Supp. 2d 127, 132 (D. Mass. 2012) (quoting *Tropeano,* 379 Mass. at 749).  To this end, "[w]here an individual's picture is published 'for purposes other than taking advantage of [his/her] reputation, prestige, or other value associated with [his/her], for purposes of publicity,' there has been no misappropriation." *Jodoin v. Baystate Health Sys., Inc.*, No. 08-40037-TSH, 2010 WL 1257985, at *27 (D. Mass. Mar. 29, 2010) (quoting *Tropeano,* 379 Mass. at 749).

      Here, Kam IV has failed to allege any facts whatsoever regarding the manner in which D'Onfro has allegedly used Mr. Parker's name and image, or even whether such use is connected in any way to taking advantage of Mr. Parker's reputation or prestige.  Rather, Kam IV has alleged only that Mr. Parker's name and image are being used "for purposes of D'Onfro's business."  D. 15 at ¶ 50.  Kam IV does not specify whether D'Onfro is using Mr. Parker's name and image in advertisements, marketing materials, or promotions, or, in contrast, whether such alleged use is merely incidental and as innocuous as the hanging of Mr. Parker's portrait in a

martial arts studio in homage.  The lack of any factual support is significant, because the latter

example would not constitute a violation of Section 3A.  *See Jodoin*, 2010 WL 1257985, at *27.

In sum, Kam IV has not alleged sufficient facts to support  a violation of Section 3A, and this

claim should be dismissed for this reason alone.

   B.    KAM IV HAS NO STANDING TO ASSERT A CLAIM UNDER SECTION 3A

   Moreover, even if Kam IV had provided sufficient factual allegations as to D'Onfro

alleged use, Kam IV would still be precluded from asserting a violation of Section 3A based

upon the use of a *third-party's* name and likeness.  Section 3A confers a private cause of action

upon individuals whose own name or images are used for commercial purposes; it does not

provide a cause of action upon corporations who have acquired the trademark and other

intellectual property rights associated with a deceased individual.  *See* G.L. c. 214, § 3A

(conferring a private cause of action for the person whose image or name is being used).  In other

words, the name and pictures at issue are those of Mr. Parker, not of Kam IV, and Section 3A is

not a vehicle in which to assert various intellectual property rights.  *See Tropeano,* 379 Mass. at

749 (clarifying that the purpose of Section 3A is "not having the commercial value of one's

name, portrait or picture appropriated to the benefit of another").[5]

   Along these same lines, this District has expressed "grave doubts" as to whether Section

3A applies at all to corporate defendants.  *See Pump, Inc. v. Collins Mgmt., Inc.*, 746 F. Supp.

1159, 1172 (D. Mass. 1990).  (Young, J.) ("[T]he Court is aware of no case, and [plaintiff] has

pointed to none, in which section 3A has been used by a corporate plaintiff to prevent the use of

a registered trademark.  Rather, the paradigm case under section 3A involves a private plaintiff

who sues following the defendant's use of 'the plaintiff's name, portrait or picture deliberately to

---

[5]  Of note, Kam IV does not claim to be or to act upon the behalf of Mr. Parker's estate; Kam IV is merely a corporation that was founded by one of Mr. Parker's daughters and which has allegedly purchased intellectual property related to Mr. Parker.  *See* D. 15 at ¶ 8.

exploit its value for advertising or trade purposes.' … The Court expresses grave doubt as to whether section 3A provides an available remedy in this commercial context.").  In *Pump*, the Court noted that "the Massachusetts legislature ha[d] already provided ample remedies for such wrongs" through Chapter 93A and trademark laws, and the Court likened the application of Section 3A in the corporate context to "forc[ing] a square peg in a round hole."  *Pump*, 746 F. Supp. at 1172.  Courts in this District have agreed with this analysis.  *See, e.g.*, *Ruggers, Inc. v. United States*, 736 F. Supp. 2d 336, 342-43 (D. Mass. 2010) ("This court shares Judge Young's dubiousness regarding the application of section 3A in the corporate context.").  Kam IV may not therefore assert a claim under Section 3A, regardless of whether such a claim involves the name and pictures of Mr. Parker or of Kam IV itself.

For the above-stated reasons, Kam IV's claim for violation of G.L. c. 214, § 3A (Count Four), should be dismissed.

## V.   KAM IV HAS NOT PLED A PLAUSIBLE CLAIM FOR RELIEF FOR VIOLATION OF G.L. c. 93A, §§ 2, 11 (COUNT FIVE)

Kam IV has also alleged that D'Onfro is in violation of G.L. c. 93A, §§ 2, 11 ("Chapter 93A").  *See* D. 15 at ¶¶ 54-58 (Count Five).  This cause of action is expressly derivative of Kam IV's claims under the Lanham Act (Counts One and Two) and Copyright Act (Count Three).  *See* D. 15 at ¶ 56 (Chapter 93A claim is based on "the above-referenced infringing activity").  Kam IV's Chapter 93A claim is subject to dismissal because: (A) Kam IV has failed to allege that Kam IV (a California corporation) and D'Onfro (who runs a martial arts studio in Massachusetts) have ever engaged in any business transaction; and (B) Kam IV's derivative claim under Chapter 93A cannot lie where the underlying claims are subject to dismissal.

### A.   D'ONFRO AND KAM IV HAVE NOT ENGAGED IN ANY BUSINESS TRANSACTION, AS IS REQUIRED BY STATUTE

As this Court has found, "[i]t is well established that a practice or act [is] unfair under G.L. c. 93A, § 2, if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people." *Smartling*, 2016 WL 913142, at *2 (citation omitted). "Section 9 of Chapter 93A provides a private right of action for consumers, and Section 11 a private right of action for persons engaged in trade or commerce." *Nin v. Seterus, Inc.*, No. 15-cv-10237-ADB, 2016 WL 1047348, at *2 (D. Mass. Mar. 16, 2016) (Burroughs, J.). Kam IV has asserted this claim pursuant to Section 11 of Chapter 93A.

It is also well-established that "Section 11 is only applicable if, first, 'the interaction [between the parties] is 'commercial' in nature, and second, ... the parties were both engaged in 'trade or commerce,' and therefore acting in a 'business context.'" *Trustees of Boston Univ. v. ASM Commc'ns, Inc.*, 33 F. Supp. 2d 66, 76 (D. Mass. 1998). "A transaction is 'commercial' for the purposes of § 11 if it involves the 'arm's-length' exchange of services for compensation." *Id.* Accordingly, "a plaintiff must allege some sort of transaction between the parties for liability to attach under sections two and eleven." *L.B. Corp. v. Schweitzer-Mauduit Int'l, Inc.*, 121 F. Supp. 2d 147, 152 (D. Mass. 2000). Otherwise, permitting a Chapter 93A claim to lie without an allegation of a business transaction "would run the danger of converting any tort claim against a business into a Chapter 93A claim, because all torts encompass 'acts or practices' that could arguably be considered 'unfair.'" *Id.* (citation omitted).[6]

Here, the Amended Complaint fails to allege any "interaction" or "transaction between" Kam IV, a California-based corporation, and D'Onfro, who operates a martial arts school in Massachusetts. Nor does the Amended Complaint allege that Kam IV and D'Onfro are

---

[6] *See also Manning v. Zuckerman*, 388 Mass. 8, 10 (1983) ("As this court has frequently stated, § 11 of G.L. c. 93A was intended to refer to individuals acting in a business context in their dealings with other business persons and not to every commercial transaction whatsoever.") (citations omitted).

15

competitors.  Indeed, Kam IV alleges no connection whatsoever between the parties.  Kam IV

cannot establish a plausible claim for relief absent such factual allegations and its claim under

Chapter 93A is therefore subject to dismissal.  *See, e.g.*, *John Boyd Co. v. Boston Gas Co.,* 775

F. Supp. 435, 440 (D. Mass. 1991) (granting motion to dismiss and noting that the SJC "has

stressed the existence of some contractual or business relationship between the parties as a

precursor to liability under Chapter 93A"); *Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892, 894

(D. Mass. 1991) ("First, the statutory phrase 'unfair method of competition' suggests a

competitive relationship; the complaint does not allege that such a relationship existed here.

Second, the statutory phrase 'unfair or deceptive act' suggests a relationship as parties to a

transaction.  The complaint does not allege such a relationship, and plaintiffs argue that it need

not do so. … [P]laintiffs' novel argument for an expansive reading [], to say the least, tests the

limits of common sense.") (granting motion to dismiss).

   B.    KAM IV'S DERIVATIVE CHAPER 93A CLAIM MUST BE DISMISSED
          IF THE UNDERLYING CLAIMS ARE DISMISSED

   Kam IV's derivative Chapter 93A claim must also be dismissed in the event that Kam

IV's underlying claims under the Lanham Act (Counts One and Two) and the Copyright Act

(Count Three) are dismissed.  *See* D. 15 at ¶ 56 (Chapter 93A claim is based on "the above-

referenced infringing activity").  As set forth above, D'Onfro is not liable for those causes of

action; therefore, D'Onfro cannot be liable for a violation of Chapter 93A based on the same

facts.  *See, e.g.*, *Nat'l Nonwovens, Inc. v. Consumer Prod. Enters., Inc.*, 397 F. Supp. 2d 245,

259 (D. Mass. 2005) (Chapter 93A claim "is supported by the same elements as Plaintiff's

federal claims [infringement, false designation of origin, unfair competition].  Since … the

supporting claims are all without merit, Plaintiff's 93A claim also fails."); *see also Unleashed*

*Doggie Day Care, LLC v. Petco Animal Supplies Stores, Inc.*, No. 10-10742-DJC, 2011 WL 6812642, at *16 (D. Mass. Dec. 28, 2011).[7]

For the above-stated reasons, Kam IV's claim for violation of G.L. c. 93A, §§ 2, 11 (Count Five) should be dismissed.

### CONCLUSION

For the foregoing reasons, D'Onfro respectfully requests that the Court allow his Motion to Dismiss the Amended Complaint.

Dated:  February 10, 2017

Respectfully Submitted,
**DANIEL P. D'ONFRO d/b/a DAN D'ONFRO'S WORLD CLASS KENPO KARATE ACADEMY**
By his attorneys,


*/s/* Howard P. Goldberg
Howard P. Goldberg (BBO #: 654316)
Brian J. Bosworth (BBO#: 685163)
MANION GAYNOR & MANNING, LLP
125 High Street
Boston, MA 02110
(617) 670-8800
(617) 670-8801 (fax)
HGoldberg@mgmlaw.com
BBosworth@mgmlaw.com

---

[7]  Moreover, Kam IV has made no factual allegation whatsoever that any action by D'Onfro was "immoral, unethical, oppressive, or unscrupulous" or "causes substantial injury to [consumers or other businesspersons]," as is required under Chapter 93A.  *See FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 107 (1st Cir. 2009).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of February 2017, a true and correct copy of this document was electronically filed with the Clerk of the Court through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Local Rule 5.4(C).

<u>/s/</u> Howard P. Goldberg
Howard P. Goldberg