UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAM IV, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL D'ONFRO, *doing business as Dan D'Onfro's World Class Kenpo Karate Academy*, <br><br> Defendant. | Civil Action No. 16-cv-12079-ADB |

**MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART**

BURROUGHS, D.J.

For the reasons set forth in this order, and as more fully discussed at the scheduling conference held on July 18, 2017, Defendant Daniel D'Onfro's motion to dismiss [ECF No. 18] is GRANTED in part and DENIED in part. Counts Two, Three, and Four are dismissed, but Plaintiff Kam IV is granted leave to amend the complaint to address the deficiencies identified below.

The motion to dismiss is denied as to Counts One and Five. Plaintiff has sufficiently pleaded that its trademarks are used in interstate commerce where Plaintiff is a California corporation that licenses the use of its trademarks to six karate studios in Massachusetts. With alleged Lanham Act violations, "if a plaintiff establishes that its business is interstate, there is no need for it to prove that the defendant's business is also interstate." Boustany v. Bos. Dental Grp., Inc., 42 F. Supp. 2d 100, 107 (D. Mass. 1999). The Court will also allow Count Five to proceed because it is based on the same allegations as Count One. See, e.g., R.J. Toomey Co. v.

Toomey, 683 F. Supp. 873, 879 (D. Mass. 1988) (finding violation of Mass. Gen. Laws ch. 93A, § 11 based on same conduct that constituted Lanham Act violation).

The motion to dismiss is granted as to Counts Two, Three, and Four. As to Count Two, which alleges a violation of 15 U.S.C. § 1125(a)(1)(A) (Unfair Competition), the complaint does not adequately allege that Plaintiff suffered concrete injury to its commercial interests or reputation as a result of the alleged infringement, pursuant to the test set forth by Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388–91 (2014). See Ahmed v. Hosting.com, 28 F. Supp. 3d 82, 91 (D. Mass. 2014) (holding claim did not survive Lexmark test because plaintiff "state[d] no facts establishing . . . a commercial injury caused by the alleged infringement").

Count Three, which alleges a violation of 17 U.S.C. § 501 (Copyright Infringement), does not provide sufficient factual detail to support a plausible inference that Defendant infringed on a copyright held by Plaintiff. Thus, Count Three as currently pleaded does not survive the Twombly/Iqbal standard and must be dismissed.

As to Count Four, which asserts a state law claim pursuant to Mass. Gen. Laws ch. 214, § 3A) (Unauthorized Use of Names and Pictures), Plaintiff fails to sufficiently allege that Ed Parker, Sr.'s name and likeness were used for commercially gainful purposes.[1] "[T]he crucial distinction under G.L. c. 214, § 3A, must be between situations in which the defendant makes an

---

[1] The Court reads Mass. Gen. Laws ch. 214, § 3A as allowing Plaintiff to bring a claim, although the Court need not resolve the question at this time. That statute allows "[a]ny person whose name, portrait or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent" to bring a civil action for damages. Mass. Gen. Laws ch. 214, § 3A. Mass. Gen. Laws ch. 4, § 7, which provides definitions for terms used throughout the Massachusetts General Laws defines "person" to "include corporations, societies, associations and partnerships," "unless a contrary intention clearly appears" in the applicable statute. The Court does not see a clear indication in Mass. Gen. Laws ch. 214, § 3A that the statute did not intend to include corporations within the category of "person[s]" permitted to bring suit under the statute.

incidental use of the plaintiff's name, portrait or picture and those in which the defendant uses the plaintiff's name, portrait or picture deliberately to exploit its value for advertising or trade purposes." Tropeano v. Atl. Monthly Co., 400 N.E.2d 847, 850 (Mass. 1980). "[E]ven a use leading to some profit for the publisher is not a use for advertising or trade purposes unless the use is designed to 'appropriat[e] to the defendant's benefit the commercial or other values associated with the name or likeness.'" Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 27 (1st Cir. 2016), cert. denied, 137 S. Ct. 622 (2017) (quoting Tropeano, 400 N.E.2d at 850).

Accordingly, Defendant's motion to dismiss [ECF No. 18] is GRANTED as to Counts Two, Three, and Four, and DENIED as to Counts One and Five. Plaintiff is granted leave to amend.

**SO ORDERED.**

July 19, 2017                                     /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE